### JOHN BRIGGS & others *vs.* HORACE HUMPHREY.

If the defendant in an action to recover the price of goods sold and delivered relies upon false representations by the plaintiff in making the sale, the burden of proof is on him to establish this defence.

After the introduction of evidence by a plaintiff to rebut that of the defendant, the latter cannot be allowed to introduce any evidence in reply. except such as tends to control the evidence in rebuttal.

CONTRACT upon an account annexed.

At the trial in the superior court, before *Morton*, J., the only item in dispute was a charge for two casks of boiled oil sediment, respecting which the answer of the defendant was as follows:

" And the defendant says that at the time he bargained with the plaintiffs for said two casks and contents, the plaintiffs warranted said contents to be pure boiled oil sediment, and the defendant purchased said contents, relying upon said warranty. And the defendant says said contents were not pure boiled oil sediment, and he returned the same to the plaintiffs, and does not owe the plaintiffs therefor.

" And the defendant also says that at the time he bargained for said casks and contents, the plaintiffs represented said contents to be pure boiled oil sediment; and the defendant bargained for said oil, relying upon said representations; and said representations were untrue, said contents not being pure boiled sediment, but being impure and of much less value than pure boiled oil sediment; and the defendant immediately returned the same to the plaintiffs, and does not owe the plaintiffs therefor."

After the introduction of evidence by the plaintiffs tending to prove the sale and delivery, the defendant introduced evidence tending to establish the facts alleged in the answer, to which the plaintiffs introduced evidence in reply, and called Dr. A. A. Hayes, a chemist, as a witness, who testified to an analysis made by him of a portion of the oil sediment. On cross-examination, he testified that he had analyzed some boiled oil sediment brought to him by one Carney, and identified a report thereof. The defendant then offered to testify that the boiled oil sediment carried by Carney to Dr. Hayes was a portion of the two casks sold to him by the plaintiffs. The defendant did not contend that he offered this evidence to contradict Dr. Hayes; and it was excluded.

The judge instructed the jury that it was incumbent upon the plaintiffs to prove a sale and delivery of the articles to the defendant, and by so doing they would make out a *prima facie* case. After the charge, the defendant requested the court to instruct the jury that " upon the issues raised in the answers relied on, the burden of proof was upon the plaintiffs." The judge declined so to rule.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions

Briggs & others *v.* Humphrey.

No counsel appeared for the defendant.

*J. C. Dodge,* for the plaintiffs.

BIGELOW, C. J.   The instructions as to the burden of proof were sufficiently accurate.   They required the jury to find that the plaintiffs sold and delivered the article under a contract of sale which had been fully complied with by him, in order to entitle him to a verdict.   The request made by the defendant, after the charge to the jury, that they should be instructed that on the issues raised by the answers the burden of proof was on the plaintiffs, was rightly refused.   Such an instruction would have been erroneous.   One of the grounds of defence alleged in the answer was, that the plaintiffs had made false representations concerning the quality of the article sold, and that in consequence thereof the defendant had rescinded the contract.   This was in the nature of discharge or avoidance. It admitted a sale and delivery, but set up a distinct and substantive ground of defence to the plaintiffs' claim.   Clearly this constituted no part of the plaintiffs' case.   It was new matter, which the defendant was bound to prove, otherwise the contract of sale would stand, and the defendant would be liable for the price of the article sold.

The evidence offered in reply to the testimony of Dr. Hayes was rightly rejected.   At the stage of the trial which the case had then reached, no evidence, strictly speaking, was competent, except such as tended to control the evidence offered by the plaintiffs in rebuttal of that introduced by the defendant.   If the evidence offered was not of this character, its admission or rejection was entirely within the discretion of the court.   So far as we can judge from the statement in the bill of exceptions, the evidence which was rejected had no tendency to contradict any new fact which had been proved by the testimony of Dr. Hayes. As it was not offered to impeach or contradict him, its rejection is not a matter which can form a valid ground of exception.

*Exceptions overruled.*