Mr. Justice MILLED
 

 delivered the opinion of the court.
 

 The matter in iss¡ue is to be determined by a sound construction of the written contract.
 

 It must be confessed that the language of the memorandum i's not happy. To accept.the Enfield rifle, in' place of the sabre bayonet, “ upon the value conditions as are herein ' specified,” is not very clear, and at best but amounts to a reference to the original agreement for the price of the sub'stituted gun.
 

 "Wk
 
 are inclined to the view of the contract claimed by plaintiff, for the following reasons:
 

 1. The supplementary agreement is signed by General Butler, and not by plaintiff. Its doubtful expressions should, therefore., according to a well-known rule, be coiistrued most strongly against the party who uses the language.
 

 2. The change in the contract was made at the request of the ordnance officer of the government. It was, therefore, for the accommodation of defendant.
 

 3. This construction was acted upon at the time by Major Strong, the officer at whoso suggestion it was made, and who certified the account, and paid at that price for the first 2300
 
 *691
 
 guns, and would have paid the same price for the others, but was forbidden by the Secretary of War.
 

 4. According to our construction of the original agreement, the alternative price, less than $27, was the price of Liege guns, for which the government might have paid, or contracted to pay, Garrison, before the present contract. This view is confirmed by the fact, found by the coui’t, that Garrison had a contract with the Ordnance Department, of July 1, 1861, for ten thousand Liege guns, at $27 per gun, which had not then been performed. It seems reasonable that it was in reference to this contract with Garrison, already made by the department, the price of wrifieh was probably unknown to General Butler, that the provisioirwas inserted’ by which he secured himself against paying more than the government had already paid for similar guns to the same-party, and as Garrison knew.what the price in that contract was, he had no objection to the provision.
 

 If this .view of the alternative clause of the original agreement be correct, then it could have no application' to the substituted Enfield pifie, because Garrison had never received any pay, or contracted to receive pay, for such guns, with tile Ordnance Department. The'effect of'this was to leave the reference of the subsequent indorsement to the original contract for the price, as limited to the $27.
 

 As we have already said that we believe this to have been the real'intention of the parties, it should be carried into effect by the Court of Claims.
 

 It is objected to this view that General Butler’s authority, front the Secretary of War, to contract-, was limited to the prices paid by the government for arms similar to those purchased by him, and that this court finds that Enfield rifles were then being purchased at from $20 to $28 per gun.
 

 We do not so understand the order to General Butler. His order was to raise, arm, and equip, six thousand men, “provided the'cost of such recruitment, armament, and equipment, does not exceed
 
 in the aggregate
 
 that of like troops now or
 
 hereafter
 
 raised for the service of the United States.’"
 

 Our first observation is, that this must evidently have been
 
 *692
 
 merely (directory to General Butler; for it could not have been supposed that he could contract with g,nv person-for-arms! clothing, &c., at prices to be determined by what' the government could buy them for afterwards.
 

 2. -General Butler was only required to bring the costs of recruiting, arming, and equipment, in the aggregate, within that-of like-troops raised for- the service. ..This, of course, left him a discretion in contracting for each article he needed, provided the amount of all his contracts did not exceed the expense láid. down by the rule.
 

 The judgment of the Court of Claims is reversed, with instructions- to the court below to enter a judgment for the plaintiff for the difference, between $20 and $27 each for the 3200 guns described in the second voucher.