Nott, J.,
delivered the opinion of the court:
This is one of that numerous class of cases where the parties have left the intent of a formal and carefully prepared written contract doubtful to each other and to all the world, when the insertion of a single line in ordinary every-day language would have made the meaning clear and unmistakable.
Both parties knew of a.custom of long standing in the city of Washington, according to which, in the plastering trade, a plane surface is measured and computed as a simple surface; a curved surface is measured and computed as equal to double the quantity of plane surface included therein ; and the line of intersection made by two planes, when properly finished— termed in the trade “ arris-work” — is computed by itself and by linear measurement, and is always additional to the square yards of ordinary work. Knowing this, they agreed that the contract price of 15 cents per square yard “ will include all surfaces, whether curved or flat, all edges, angles, and corners, whether salient or re entrant.” If the employer had added to the advertisement the words “ notwithstanding the custom prevailing in the city of Washington,” or if the contractor had added to his agreement “ according to the custom prevailing in the city of Washington,” either party would have known precisely what the other meant.
In disposing of this question the court reaches its conclusion with great reluctance and some doubt. On the one hand, the contract was framed by the party who gets the benefit of its restrictions; and doubtful expressions should be construed against the party who uses the language. (Garrison’s Case, 7 Wall., 688.) There existed when the contract was made a custom of long standing, fortified by being formulated in a printed book and reduced to positive rules, which ignorant men might well regard as obligatory on themselves and those with whom they dealt, whereby such work was always measured and computed after a prescribed formula; and when a custom is *393 known to exist a contract is to be construed with reference to it. (Bullock v. Finley, 28 Federal R., 514.) If the work be measured and computed according to that custom, the contractor will be entitled to 40 per cent, more for his work than he has received. Finally, if the contract were stricken out of existence and the contractor were suing in assumpsit for what his work was reasonably worth, he would recover in quantum meruit 90 per cent, more than has been paid for this work.^ In other words, the contract as construed by the claimant gives him as compensation a price materially less than his work was worth in the market at the time; and the contract as construed by the defendants gives them the contractor’s services at little more than half their actual value.
On the other hand, the language of the contract seems to the court to be too plain to admit of the interpretation which the claimant contends for, an interpretation that would incorporate the custom as an implied provision.
In the presence of a duly executed written agreement, an din the absence of fraud or of a condition so unconscionable that no man would have knowi gly agreed to it and that no man should be allowed to take advantage of it, a court can not hold after performance that the minds of the parties never met, and that no contract existed. The contractor hero made a bad bargain; he sold his services for less than they were worth — for less than he expected to receive for them. But the bargain was not made first and the objectionable clause inserted afterward in the formal written instrument by the other party, as was the case in Harvey & Livesey (13 C. Cls. R., 338; 105 U. S. R., 671; 113 id., 243). On the contrary, the disputed clause was held before the contractor’s oyes from the very first; it was in the advertisement which called out his proposal $ and was the subject-matter concerning which he contracted. To allow a contracting party to perform according to the terms of his written agreement and then to come in by means of parol evidence and set it aside on the ground that he misunderstood its terms or misconstrued its language, would be to destroy the certainty that is regarded as the chief merit of such instruments.
There is, however, a balance of $381.90 remaining due under the contract, being for the difference between 24,709 yards of plastering performed and 22,163 yards paid for; and the court *394 is of tbe opinion that the “ arris-work,” not being specifically named in the specifications and being susceptible of only lineal measurement and a distinct thing in the usage of the trade from square yards of surface plastering, should be recovered for, viz, $565.38.
The judment of the court is that the claimant recover of the defendants the sum of $947.28.