Weldon, J.,
delivered the opinion of the court:
This suit is prosecuted to recover the balance alleged to be due the claimants on the contract set forth in the findings, and the only controversy in the case grows out of the deduction by the defendants of the sum of $3,250 from the consideration, because of the faillure of the claimants to perform the contract within the time limited.
The findings show that there was a delay of one hundred and thirty days, which being computed at the rate of $25 per day amounts to said sum.
The contract required the claimants “to furnish all the labor and material necessary to completely construct, erect at the workshops, take down after acceptance, and deliver at the localities and at the time prescribed the metal work” for a light-house.
The deduction by the defendants was made under the following provision of the agreement:
“And the said party of the first part further agrees to forfeit the sum of twenty-five dollars ($25) per day as liquidated dam *218 ages for eaeb and every day’s delay in completing either portion of the work embraced in the two deliveries after the said times, the amount thereof to be deducted from any sum which might otherwise be due the said party of. the first part in the hands of the light house engineer,” etc.
It is shown that the contract was prepared by the defendants in a printed form and signed by the parties in that condition, the amount of forfeit as liquidated damages being a part of the printed matter. It does not appear from the finding that previous to the execution of the instrument, the parties had any negotiations or understanding as to the damages which might or would accrue to the defendants in consequence of the failure of the claimants to perform the contract within the time limited, nor does it appear that the defendants suffered any appreciable damage in consequence of such failure.
The only question for us to consider is, whether the deduction on account of the delay as specified in the contract is to operate in law as a penalty, or liquidated damages as a measure of injury or compensation. If in the construction of the agreement it is to be regarded as a mere penalty, the deduction was improi>er; if as a measure of injury or compensation the deduction was proper, and the claimants have no right to recover.
The question presented by this record has been before this court in several cases growing out of contracts of a similar character, and in the decision- of those cases the court has followed the inclination of the law in determining that, unless it appears clearly to the contrary, the provision applicable to a failure to perform will be treated as a penalty and not as liquidated damages, and although the parties may agree to the sum as a measure of injury or compensation, yet if it is unreasonable and unconscionable it will not be enforced against the delinquent party.
In the case of Davis et al. (17 0. 01s. K.., 201) it is in substance said: In determining whether the amount named in a contract shall be taken as a penalty or liquidated damages courts are influenced largely by the reasonableness of the transaction, and are not restrained by the forms of the agreement, nor by the terms used by the parties, nor even by their manifest intent, which will be carried out so far only as it is right and reasonable.
This decision may be regarded as the limit in the direction of construing a provision as a penalty and not as liquidated *219 damages; and it is perhaps not necessary to go .to that limit in dealing with provisions of this contract and the conditions of this controversy.
In the case of Van Burén v. Diggs (11 Howard, 361), in passing on a question similar to the one in issue, the court says:
“The term forfeiture imports a penalty; it has no necessary or natural connection with the measure or degree of injury which may result from a breach of contract or from an imperfect performance. It implies an absolute infliction regardless of the nature and extent of the causes by which it is superin-duced.
“ Unless, therefore, it shall have been expressly adopted and declared by the parties to be a measure of injury or compensation it is never taken as such by courts of justice, who leave it to be enforced where this can be done in its real character, viz, that of a penalty. In a defense like that attempted by the defendant in the circuit court, upon the essential justness and fairness of the acts of the parties, a positive, immutable penalty could hardly be applied as a fair test of their merits.”
It is said in that case that the term forfeiture imports a penalty, and applying that rule of construction to the contract in this case, even though forfeiture is followed by the term “liquidated damages,” the penalty import of the agreement is not changed by the subsequent qualification. It must appear that the sum “was expressly adopted and declared by the parties to be a measure of injury or compensation.”
The consideration of the agreement is the sum of $7,500, and the deduction by the'defendants is $3,250 — a very large per cent upon the compensation which the claimants were to receive for the contract work, and although for some reason the claimants did not complete the work until four months after the expired term, the defendants in the end received and accepted from the claimants all they were entitled to under the contract.
As has been said the contract was prepared and reduced to a printed form at the time of signatures by the officers of. the defendants, and it does not appear that the clause relating to the forfeiture or damage was ever the subject of negotiation or consideration between the parties. It is a most familiar principle of law that the words of an agreement are taken most strongly against the party who prepared it, and if any liberality of construction is to be indulged it will be in-favor of the party who merely signs and not the party who signs and prepares the instrument for execution. (Garrison v. United States, *220 7 Wall. XT. S. R., 688; Chambers v. United States, 24 O. Ols. R., 387.)
Words of penalty and words of liquidation are used in tbe contract. Tbe party is “to forfeit tbe sum of $25 per day as liquidated damages.”
In tbe case of Bignall v. Gould (119 U. S. R., 495) tbe phraseology of tbe obligation sued on is very similar to tbe contract in this case. In tbat case it is nominated in the bond “ in the penal sum of $10,000 liquidated damages.” In tbe opinion of the court it is said “by the rules now established at law as well as in equity, the sum of $10,000 named in the bond is a penalty only, not liquidated damages.” As observed by Lord Tenter-den in asimilar case, “whoever framed this agreement does not appear to have had any very clear idea of the distinction between penalty and liquidated damages, for the sum in question is described in tbe same sentence as a penal sum and liquidated damages.” So in this case the word forfeiture is used in the same sentence with liquidated damages.
A case very much like the case at bar became the subject of official consideration in the office of the Attorney-General of the United States on a question referred to that Department by the Secretary of War. In reply to the inquiry of the Secretary the Attorney-General said:
“Inasmuch as the forfeiture or penalty incurred here was one imposed by the contract between the parties, and not by any act of Congress, and the work contracted for has all been finished according to the contract, and no actual damage has resulted to the United States, and the penalty was one from which, in like cases, a court of equity would grant relief, I am of the opinion that tbe Secretary of War has authority to remit the forfeiture provided for in the contract and to order payment of the entire sum withheld from the contractor.” (21 Opins. Atty. Gen., p. 28.)
In the fifteenth volume of the Opinions of the Attorney-General, page 418, is also a case similar in facts to this case. In that case the contract provided that $50 per day should be forfeited, “to be deducted from the amount which maybe, and * * on the completion of the work as liquidated damages.” In connection with that provision of the contract, the Attorney-General said:
“ The contract (as I understand from your letter) having been faithfully performed, and no damage lohatever having been sus- *221 tamed by the Government by reason of the deiay in its performance, the conditions which, in the' contemplation of the agreement, are necessary for the exaction of the penalty under consideration, do not exist. To exact it from the contractor under these circumstances would not be warranted by the law or justice of the case. I am therefore of the opinion that you are authorized to release him from that penalty.”
We have examined the authorities cited in the briefs of the counsel for the defendants, but do not find them decisive of the issue in favor of the defendants. Each case must be governed by its peculiar facts, and no general rule can be prescribed in doubtful cases to determine the questions as to whether the provision is to be regarded as a penalty or be enforced as compensation for the injury. The contract of the parties will be enforced as to liquidated damages if conscionable, but in doubtful cases will be construed as a penalty; and thereby enforce against the delinquent party a responsibility only to the extent of allowing the injured party a just compensation for the injury sustained. In the case of Haliday a/nd Richardson (33 C. Cls. B., 453) cited by the counsel for defendants the court held that the defendants were entitled to deduct the amount in controversy upon the ground that it was agreed as liquidated damages. The facts of that case differ very materially from the facts in this case. In that case there had been two extensions of the contract as to the time of completion. The contractors were about to fail to complete the contract within the second extended time, and upon that condition the superintendent notified the claimants that he would take possession of the work, and thereupon the parties stipulated as to further extension of time with an agreement that if the work was not completed by a certain day the defendants were to deduct the sum of $50 for each day for the whole work, and $25 pier day in case a portion of the work was delayed. The extension of time was a short one, and the defendants were waiting and ready to occupy tlie building. Upon that state of facts the court held that the deduction was proper, and refused a judgment for the claimants.
In the case of Jaquith v. Hudson (5th Mich., 123), the court held that the sum to be retained was in the nature of stipulated and ascertained damages, and decided:
“The law, following the dictates of equity and natural justice, adopts, as the law of the contract, the principle of just com *222 pensation fortbe loss or injury actually sustained; and courts will not permit parties, by express stipulations, or any form of language, however clear the intent, to set it aside. But they will apply this principle, and disregard the express stipulations of parties, only in those cases where it is obvious b om the contract before them, and the whole subject-matter, that the principle of compensation has been disregarded, and that to carry out the express stipulations of the parties would violate this principle.
“ The real question in this class of cases is, not what the parties intended, but whether the sum is, in fact, in the nature of a penalty; and this is to be determined by the magnitude of the sum, in connection with the subject-matter, and not by the words, or the understanding of the parties.”
Although the court enforced the agreement upon the theory that the parties had settled the question of damages by the terms of their agreement, yet it was held in substance that where the parties depart from the idea of just compensation and attempt to fix an arbitrary rule of damages, the law will not recognize or enforce the agreement, in that connection it is said:
“We do not mean to say that the principle above stated as deducible from the cases is to be found generally announced in express terms, in the language of the courts, but it will be found, we think, to be necessarily implied in, and to form the only rational foundation for all that large class of cases which have held the sum to be in the nature of a penalty, notwithstanding the strongest and most explicit declarations of the parties that it was intended as stipulated and ascertained damages.”
Taking into consideration the doubtful and contradictory language of the agreement in connection with the unreasonable result as to damages in applying the theory that the agreement is to be construed as fixing a compensation, it is the opinion of the court that the deduction mentioned in the contract must be regarded in the nature of a penalty, and as no damages are shown, claimants aré entitled to recover the sum of $3,250, and for that amount a judgment is entered.