WeldoN, J.,
delivered the opinion of the court:
The claimant is a corporation created under the laws of the State of Pennsylvania, and on the 26th of March, 1900, made a contract with the defendants for the steel framework for the new Government Printing Office in the city of Washington, which contract and specifications are made a part of the petition as Exhibit A.
By the terms of the contract the United States was required to furnish claimant with necessary drawings. The claimant was required to make its own shop drawings, and to furnish the engineer of the defendants with copies for comparison. Such detailed drawings were furnished by the United States at various times, the first on May 3, 1900, and the last on May 15,1901.
, By the terms of the contract the defendants were to pay certain specific prices for the different kinds and quality of material used in the construction of the building, and the material furnished and work done was subject to a rigid inspection by the engineer of the defendants and his decision as to quality and quantity was to be final. The work was to be commenced within sixty days after the notification of the approval of the contract and completed within six months from that time.
The contract was not completed within the time, which *537 ended on the 16th day of January, 1901, the time having been extended, but was delayed in its completion until about the 23d day of June, A. D. 1901.
It is expressly provided by the-terms of the agreement “ that time shall be considered as an essential feature of this contract, and that in case of failure upon the part of the party of the second part to complete this contract, as specified and agreed upon, that the party of the second part shall and will pay to the United States the sum of one hundred dollars ($100) for each and every day the said party of the second part shall delay in the completion of this contract, which said sum of one hundred dollars ($100) per day is hereby agreed upon, fixed, and determined by the parties hereto as 'the damages which the- said United States will suffer by such delay and default, and not by way of penalty.”
From time to time as the work progressed the defendants paid the claimant partial payments, and on June 23, 1901, the said payments amounted to $20,000 less than the contract price of the work which had been performed by claimant, and on about November 9, 1901, the defendants offered to pay the claimant the sum of $4,927.78 as a settlement in full for the balance due on the contract, claiming that liquidated damages and sundry sums to the amount of $15,070.22 should be deducted from the said $20,000 due on the contract. Included in said sum of $15,070.22 is an item of $473.55 about which there is.no controversy, the claimant conceding that such an a,mount should be allowed the defendants for work which should have been done by claimant.
. The controversy turns upon the question as to whether the delay in the performance of the work was due to the failure of the claimant, to the defendants, or to both.
The contract provides in substance that for any delay caused by the claimant it shall pay to the defendants the sum of $100 per day; the time is made an essential feature of the contract ^ that said sum of $100 is agreed upon, fixed, and determined by the parties as the damage the United States will snflier by such delay and default, and not as a penalty. In the preparation of this contract there seems to have been a special effort made to impress upon the failure of the claimant the consequences of measured liquidated damages *538 and not the mere limitation of damages in the form of a penalty.
It is provided in section 36 of the specifications :
“ It must be clearly understood that time is an essential feature of the contract herein contemplated, and that upon failure to complete the said contract within the time stipulated the contractor will be required to pay to the United States one hundred dollars per day for each day of delay (Sundays and legal holidays excepted) in the completion of the contract, the said payment to be made as liquidated damages, and not by way of penalty; and the party of the first part may deduct from any sum due or to become due the contractor any sums accruing for liquidated damages as herein stated.”
It is also provided—
“ Sec. 39. That.the amount of liquidated damages is determined by actual current expenditures for rent, which are made necessary by the lack of the new building and which will cease upon its completion. But no liquidated damages in' excess of $20,000 will be deducted.”
The courts are disposed to treat the sum named as a penalty, rather than the express agreement of the parties, as a settlement of the damages to which the party in fault is to be subjected to as a consequence of his failure. This tendency of the decisions is in order that the parties’ rights may be determined on the basis of actual damages rather than upon any arbitrary rule of forfeiture.
While courts are disposed to construe contracts of the kind in controversy as open to the question of real or actual damages, they do not hesitate to enforce the agreement when from the terms of the contract and the subject-matter of the litigation it is shown that the parties have agreed to the amount as a settlement of the real or actual damage.
“ If the intention, however, is clear to liquidate damages and the amount is either not greatly above or below the sum which would otherwise be recoverable; or, if above, was fixed specifically to cover contemplated consequential losses not provable under legal rules, and is not an unreasonable provision therefor, the sum fixed may be sustained as liquidated damages.” (Sutherland on Damages, vol. 1, p, 504.)
Many cases, some of which will be hereafter noted, have *539 been decided in this court involving the question as to whether the stipulation of the parties on the subject of damages was to be treated as a mere penalty or liquidated damages, precluding an inquiry into the question as to how much the party had suffered by the delinquency or default of the other party. One of the last and leading cases upon the subject of the stipulation of parties of-the sum to be paid for nonperformance of a covenant is the case of the Sun Printing and Publishing Association v. Moore (183 U. S., 643). As stated in the syllabi, it is said:
“ The naming of a stipulated sum to be paid for the nonperformance of a covenant is conclusive upon the parties in the absence of fraud or mutual mistake.
“ Parties may, in a case where the damages are of an uncertain nature, estimate and agree upon the measure of damages which may be sustained from a breach of the agreement.
“ The law does not limit an owner of property from affixing his own estimate of its value upon a sale thereof.”
It is true that in the above case it was not a question of penalty or liquidated damages, but the transaction is akin to a stipulation as to the damages in case of the nonperformance of an agreement within a specified time.
Where the parties have agreed upon an amount of damages by way of adjustment and have so expressed it the amount fixed will be treated as damages and not as penalty. (Gammon v. Howe, 14 Me., 250.)
In the case of Dakin v. Williams (17 Wend., 447) Chief Justice Nelson said:
“ From a critical examination of all these cases, and" others that might be referred to, it will be found that the business of the court, in construing this clause of the agreement, as in respect to every other part thereof, is to inquire after the meaning and intent of the parties; and when that is clearly ascertained from the terms and language used it must be carried into effect. A court of law possesses no dispensing-powers; it can not inquire whether the parties have acted wisely or harshly in respect to any stipulation they may have thought proper to introduce into their agreements. If they are competent to contract within the prudential rules the law has fixed as to parties, and there has been no fraud, circumvention, or illegality in the case, the court is bound to enforce the agreement.”
*540 In the case of Hall v. Crowley (87 Mass., 314) the court, in substance, said:
“ The sum named is for.doing one certain and specific job of work within a prescribed time, and not for the omission to comply with diverse and separate stipulations; that the loss or injury which Avould accrue to the owner for the noncom-pletion of the house according to the terms of the contract would-be difficult to estimate and prove. All these circumstances indicate the intent of the parties to insert a fixed measure of damages and not penalty.”
Where the intent of the parties is clear the use of the word “ forfeit ” in the clause providing for damages is not regarded as of much weight.
In the case of Worruff v. McClanahan (5 Strobh. (5 Carr), 115) it Avas held that forfeiture took the form of liquidated or stated damages where it was provided that the builder should forfeit $100 per month from a certain time until the actual completion of the house. The court said: “ While we fear the plaintiff has made an agreement which will work harshly upon him, it is his contract.”
In a case where the party in consideration with another conveyed to him 14 city lots for a consideration of $21,000, covenanted that he would by a certain day erect two brick houses or in default thereof pay to the grantor on demand the sum of $4,000, the court held that this sum was liquidated damages. (Pearson v. Williams, 24 Wend. (N. Y.), 244; S. C., 26 Wend. (N. Y.), 630.)
In the case of Halliday et al. v. United States (33 C. Cls. R., 468) it was held that after an extension of time for the completion of the contract the parties stipulated that in case of a failure to complete within the extended time the sum of $50 per day should be paid for such failure, that the sum assumed the form of liquidated damages equivalent to “ the measure of injury or compensation ” as used in the case of Van Buren v. Diggs (11 How., 361).
The attention of the court by the brief and argument of the counsel for the claimant is called to the case of Davis v. The United States (17 C. Cls. R., 201), in AArhich it is held in substance that the court is influenced largely by the reasonableness of the transaction in the determination of the question *541 as to whether the stipulated sum is to be construed as penalty or liquidated damages.
In the case oí Edgar Thompson Works v. The United States (34 C. Cls. R., 205) it is said:
“ Each case must be governedjby its peculiar facts, and'no general rule can be prescribed in doubtful cases to determine the question as to whether the provision is to be regarded as a penalty or to be enforced as a compensation for the injury. The contract of the parties will be enforced as to liquidated damages if conscionable, but in doubtful cases will be construed as a penalty, and thereby enforce against the delinquent party a responsibility only to the extent of allowing the injured party a just compensation for the injury sustained.”
In the case of Smith & Co. v. The United States (34 C. Cls. R., 472) it was held that the stipulated sum was in law a penalty and not liquidated damages, and allowed only a deduction of $256, when, if computed on the basis of the amount specified, the damages and deduction would have amounted to the sum of $1,028.
The phraseology of the contract in this case, embracing the stipulation as to damages and the specification forming a part of such contract, is much more elaborate than the provisions of the contract in which the stipulations have been held to be a mere penalty. It is said in the latter part of section 39 of the general instructions for bidders that the amount of liquidated damages is determined by actual current expenditures for rent which is made necessary by lack of the new building and which cease upon its completion. But no liquidated damages in excess of $20,000 will be deducted.
As is said by the court in the case of Gammon v. Howe (14 Maine, 254), “ there is great difficulty in extracting from the cases any settled rule by which it may be decided.”
•The court must first consider the form in which the parties have expressed their purpose and determine, from the language which they have used, in the light of the circumstances and the nature and character of the subject-matter, to which class the stipulation belongs — to that of penalty or liquidated damages. While the courts have a tendency toward that of penalty, they have no hesitation in a clear case in holding *542 that the parties have themselves settled the question of damages, and will enforce that construction of the agreement unless it results in unconscionable disadvantage to the delinquent party. In this case the words are most apt in indicating that the parties have intended to provide an assessed value upon the damages which would be caused to the defendants by a delay in the performance of the agreement.
The subject-matter of the contract belongs to that class which is not easily susceptible of proof of actual damages; and therefore it was most expedient, from the peculiar character of the agreement, that parties should fix the amount of damages. The building, being intended for the vast printing business of the Government, did not belong to the class of buildings the value of the rent and use of which could be easily determined by proof, and that criterion is cited in many decisions as a justification for holding that liquidated damages and not penalty should prevail in the construction of the agreement.
It is also provided that the United States shall, in addition to the said sum of $100 per day, have the right to recover from said party of the second part all costs of inspection and superintendence incurred by the United States during the period of delay.
The findings show that the work was delayed by the fault of the claimant for a period of fiitjr-two days, which, at the rate of $100 per day, amounts to the sum of $5,200; that during said delay the cost of inspection and superintendence amounted to the sum of $50; that the finishing of the building in the way of painting, which was done by the United States and which should have been done by the claimant, amounted to the sum of $413.55.
The findings show for all other delays, except as shown above, the defendants were in fault and had therefore no right of recovery as against the claimant. Deducting the amount for which the claimant is responsible on the basis of $100 per day, the amount of superintendence and inspection and the amount of work done by the defendants in the completion of the building from retained amounts by defendants, entitles the claimant to a judgment for $14,276.45, as shown in the conclusion of law.