Ateinson, J.,
delivered the opinion of the court:
The claimant company in its petition alleges that it entered into two contracts with the Isthmian Canal Commission on June 26, 1906, and September 11, 1906, respectively, whereby it agreed to deliver to said commission on the Isthmus of Panama, within certain periods, certain pipes and fittings for a stipulated price. Said contracts provided that in case there was delay in delivery beyond the contract time there should be a deduction from the contract price at the rate of one-tenth of 1 per cent of the total cost of the *347 undelivered material for every day of such delay. The material part of article 6 of said contracts is as follows:
“In case the said party of the second part shall fail or neglect to deliver the material at the time and place herein specified, the purchase price hereinbefore set forth shall be reduced in the sum of one-tenth of 1 per centum (1-10%) of the total cost of the undelivered material for each day such default continues, or until the material is supplied by purchase in the open market, or otherwise, by the commission, provided that such delays on account of which such deductions may be made as herein stated, caused by strikes, riots, fire, or other disaster, or delays in transit or delivery on part of the transportation companies, or when no damage or inconvenience has been suffered by the Government, may, in the discretion of the chairman of the Isthmian Canal Commission, be accepted as sufficient cause for waiving the deduction.”
It appears that there were considerable periods of delay by claimant company in delivering the pipes and fixtures, on account of which the Canal Commission, upon final settlement under said contracts, deducted from the contract price the sum of $1,354.42, in accordance with the provisions contained in section 6 of the contracts above quoted, and to recover said sum this suit was brought.
The defendants appeared and demurred on the ground that claimant’s petition does not state facts sufficient to constitute any cause of action against the United States. The single question, therefore, for the court to determine is whether the parties to the contract intended the deduction of one-tenth of 1 per cent per day for delay in delivery of the articles should be regarded as liquidated damages or a penalty.
This question turns upon the construction to be given to article 6, as quoted.
Claimant’s counsel cited many authorities in his argument to sustain his contention that the parties to these contracts did not contemplate liquidated damages by the language used, and that it should be considered in the light of a penalty only; hence no deductions should be made unless the defendants can show actual damages sustained by the delay. *348 Courts have frequently decided that the sum stipulated to be paid on the breach of an agreement to be, from the nature of the case, a penalty, notwithstanding the strongest language showing the intention of the parties to be that it should be paid in full as liquidated damages. So, too, cases are numerous in which the parties have used the term “ penalty,” which seems on its face to import a forfeiture rather than a valuation of damage, yet the stipulated sum, from the very nature of the case, should be considered as liquidated damages and recoverable in full. Page on Contracts, section 1172, says in substance that the use of either of these terms in a contract is not conclusive; that “liquidated damages” may appear from the context of the contract to be really a provision for a penalty, and will be so treated. On the other hand, a contract for a penalty may be shown by the intention of the parties to be liquidated damages. The question must therefore hinge upon surrounding conditions and the intent of the parties to the contract.
This whole subject was ably and exhaustively treated by the present Chief Justice White in the case of Sun Printing and Publishing Association v. Moore (188 U. S., 642, 669), and it was therein settled for the Federal courts that parties may bona fide in a case where the damages are of an uncertain nature estimate and agree upon the measure of damages which may be sustained from the breach of an agreement. The rule announced in that case is applicable to this case, because here the damages were certainly uncertain in nature, and there is no question as to the contract for the payment of damages being bona -fide.
It is contended by the claimant, however, that the provision in article 6, that under certain conditions the chairman of the Isthmian Canal Commission may, in his -discretion, waive the deduction for damages, makes it a provision for a penalty instead of liquidated damages. It may be admitted that there is some authority for this contention, but the decision in the case of Bethlehem, Steel Co. v. United States (205 U. S., 105) settles that question for this court. In that case the provision for payment of damages in case of -delay in the execution of the contract was substantially like the one in the *349 case at bar, in that it was provided that such damages might be waived by one of the officers of the Government. In the contract in that case the word “ penalty ” was used in some portions of the contract, which made the case still stronger against the Government. It was there decided, however, reversing this court, that the provision was for liquidated damages and not a penalty.
We accordingly decide that the provision in article 6 for the reduction of price in case of delay was a provision for liquidated damages and was not a penalty, and the demurrer is sustained.
Howry, J., took no part in the trial and decision of this case.