AteiNSON, J.,
delivered the opinion of the court:
In this cause the defendants demur generally “that the petition does not allege facts sufficient to constitute a cause of action.”
The plaintiff company in its petition in substance alleges that it entered into various and sundry contracts with the Navy Department, through the Chief of the Bureau of Supplies and Accounts, during the years 1905 and 1906, whereby it agreed to deliver to the Isthmian Canal Commission on the Isthmus of Panama within certain prescribed periods certain materials to be used by said commission. The contracts, which are made a part of plaintiff’s petition, provided that in case there was delay in delivery beyond the contract time there should be a deduction from the contract price at the rate of one-tenth of 1 per cent of the total cost of the undelivered material for every day of such delay; and further, that delays on account of which such deductions may be made as therein stated, caused by strikes, riots, fire, or other disaster, or delays in transit, or delivery, on the part of transportation companies, or when no damage or inconvenience had been suffered by the Government, might in the discretion of the chairman- of the ’ Isthmian Canal Commission be accepted as sufficient cause for waiving said deductions.
Under dates of February 2,1906, April 2 and August 9 of said year, there was deducted, respectively, the sums of $94.08, $27.46, and $8, making a total of $129.54, on account of the failure of plaintiff to deliver materials within the *404 time provided in the contracts; and to recover said amount this suit was instituted.
The only question to be disposed of by the court is whether the provision in the contracts, to which we have referred, is to be considered as liquidated damages or as a penalty only. Questions of this character are often difficult to determine. It is agreed, however, that the courts always prefer to consider stipulations for damages in contracts as provisions for penalties rather than for liquidated damages; that such provisions will always be construed as penalties in doubtful cases is likewise accepted; and unless the contrary intention is unequivocally expressed harsh provision will be avoided and compensation in the way of penalty will be decreed, for by treating such sum as a penalty the recovery can be apportioned to actual damages for the loss sustained, and the compensation for that loss is a full measure for the injuries imposed. As stated above, upon a just consideration of all the terms and purposes of a contract, of the relation of the parties to it, of the objects and purposes of the same, and of the duty to be performed, whether the sum stated was intended as liquidated damages or as a penalty, if doubtful, it will be construed in such cases as penalty only. (Sedgwick on Damages, vol. 2, 209; 13 Cyc., 90 and 95, and cases there cited; Chicago Wrecking House Co. v. The United States, 106 Fed., 385, 389; 13 L. R. A., 672; Edgar Thompson v. United States, 34 C. Cls. R., 305; Smith Co. v. United States, ib., 472; Holliday v. The United States, 33 C. Cls. R., 453; Wait on Actions and Defenses, vol. 2, 435; Sutherland on Damages, vol. 1, 475 et seq.; 5 Amer. and Eng. Em, 24, and cases there cited.)
Plaintiff’s counsel insists that the clause of the contracts in this case should not be considered as providing for liquidated damages, because that would be inconsistent with the other provisions which gives discretion to the Canal Commission to remit them, and for the further reason that if the damages were liquidated they would have immediately vested in the United States. The proposition, he contends, is well established that no Government official has authority to waive or remit damages accrued to the Government under a contract which provides for liquidated damages, and that *405 such, damages are as much an asset of the United States as the funds in its Treasury. Hence, a Government officer, in making a contract for the United States, can not effectively reserve to himself the right of remission of accrued damages without violating a liquidated-damage clause.
He further argues that when these Isthmian Canal contracts were prepared, it was well known that there had been a uniform line of decisions by the Comptroller of the Treasury that if damages were liquidated a vested right had been obtained by the Government (11 Comp. Dec., 395; 17 ibid., 33, 83) ; that none of its officers possessed the right to waive the same, and that it was immaterial whether or not any damage had been sustained by the Government. If, therefore, the clause in the contract means anything, it means that the contractor will not sustain loss where the delay has caused no damage to the Government.
On the other hand, counsel for the United States contends that the contracts herein substantially liquidated the damages, notwithstanding the discretionary wording of the waiving provision inserted for the contractor’s benefit, viz, that “ where delays are caused by strikes, riots, fires, or other disasters, or delays in transit or delivery on the part of transportation companies, or if the Government has suffered no damage or inconvenience on account of the delay, the deduction provided for may, in the discretion of the bureau, be waived; ” but such discretion the chairman of the commission, for reasons of his own, which were not made known, saw fit not to exercise; consequently the plaintiff, by setting up a breach of the contracts on its part and performance by the Canal Commission, should not be permitted to recover the amounts claimed by it in this case. The intention of the parties, he insists, was to liquidate the damages by the contracts, because of the long distance between the canal and the bases of supplies and the inability of the Government itself to purchase the articles elsewhere for which the contracts to supply the same were made, in case they were not forthcoming at the dates specified in the several contracts.
It is further contended by the defendants that damages in cases of this character are of an uncertain nature, hence *406 the practice of the Government requires free, open, and fair competition in the letting of public contracts. In order to secure this it is usual in the advertisement to name the conditions which shall govern in any particular purchase. In order to meet the conditions arising in the Government service and to preserve an orderly sequence in the receipt of the various articles which a department may need in carrying on the business of that department it is necessary to fix in contracts the time when deliveries of particular articles called for under them may be demanded. It is, therefore, difficult to determine the actual probable damages that will result to the Government from delayed deliveries in any particular service.
Defendants cite a long line of authorities in support of the proposition that the intent and meaning of the term liquidated damages is to be damages agreed upon by the parties to a contract for compensation for and in lieu of the actual damages arising from the breach of a contract. They are amounts fixed, settled, and agreed upon in advance to avoid litigation as to damages actually sustained. They may exceed or fall short of the actual damages sustained, but the sum thus fixed and determined binds the parties to such agreement. When this sum is paid, in the absence of any other agreement, all damages arising from such breach are paid.
This doctrine, however, is elementary, and has been affirmed by both State and Federal appellate courts for generations. But courts have frequently decided that the sum stipulated to be paid on the breach of an agreement to be, from the nature of the case, a penalty, notwithstanding the strongest language showing the appai’ent intention of the parties to be that it should be paid in full as liquidated damages. So, too, cases are numerous in which the parties have used the term “ penalty,” which seems on its face to impart a forfeiture rather than a valuation of damage, yet the stipulated sum, from the very nature of the case, should be considered as liquidated damages and recoverable in full. Page on Contracts (sec. 1172) says, in substance, that the use of either of these terms in a contract is not conclusive; that liquidated damages may appear from the context of the *407 contract to be really a provision for a penalty and will be so treated. On the other hand, a contract for a penalty may be shown, by the intention of the parties to be liquidated damages. The question, therefore, must be determined by surrounding conditions and the intent of the parties to the contract.
If the right to remit liquidated damages can not be reserved in a Government contract without specific authority from the Congress, then, it seems clear to us, it must follow that the clause of the contracts now under consideration must either be construed as a penalty or it must be held that the proviso attempting to reserve to the chairman of the Isthmian Canal Commission the right to remit the deductions is necessarily without effect, and under such an alternative the clause should be construed as a provision for penalty under the rule which requires a contract to be so construed as to give effect to all of its parts.
Considering further the proviso in the contract in the case at bar, that under certain conditions the chairman of the Isthmian Canal Commission may, in his discretion, waive the deduction for damages, indicates, we think, clearly that the question of damages should be examined into, in case it should become a matter of controversy, and if it is shown that no damages have resulted from the delays, it would appear that the parties to the contract did not intend to fix the rate of damages in advance, or rather when the contract was executed. In other words, it was intended that if the delays provided for in the contract caused no actual damage, the damage clause was to be waived. If this view is correct, and we think it is, the proviso covers a penalty and not liquidated damages. Where there is ambiguity in a contract it is a familiar principle of law that it will be construed more strictly against the party that prepared it, which contract in this case was prepared by the defendants. (Thompson 'Works v. United States, 34 C. Cls. R., 205, 219; Garrison v. United States, 7 Wall., 688.)
As a matter of first impression (Crane & Co. v. United States, 46 C. Cls. R., 343), we were of the opinion that the provision relating to damages in the class of contracts we are now considering was controlled by the case of the Bethlehem *408 Steel Co. v. United States (205 U. S., 105), but upou more mature reflection we have arrived at the conclusion that that case is not this one. In that case no provision was made for relieving the contractor from the penalty upon any particular ground, as was done in the case at bar. In that case the Supreme Court, when considering only the language of the contract, found it difficult to determine whether the parties intended to provide for liquidated damages or a penalty; but when it examined into the prior negotiations it found them to be such as to lead the court to the conclusion that the parties to the contract intended the provision to mean liquidated damages, and so decided.
In the case we are now considering a number of exceptions are enumerated under which the penalty clause is not to apply, and in addition thereto it is expressly stated that where the delay does not cause damage or inconvenience to the Government the penalty shall not be charged against the contractor when waived by the Canal Commission. (See U. S. Engineering and Contracting Co. v. United States, 41 C. Cls. R., 489, and the numerous cases there cited.)
It follows from what we have said that the defendant’s demurrer must be overruled with leave to both parties to take further testimony, if desired, within ninety days.
It is so ordered.
Howrv, J., not having heard the argument in this case, reserves his decision thereon.