Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the Sheridan-Kirk Contract Co. against the United States for the sum of $8,576.50. The plaintiff bases its suit upon the provisions of two contracts. The original contract was entered into on May 5, 1903, and provided for building a section of the Colbert Shoals Canal in the Tennessee Diver. The second contract was a modification of the first and was entered into by the parties on the 14th day of December, 1903. Under the first contract the plaintiff contracted to build a concrete wall on the edge of the river parallel with the south bank to form the boundary of a canal which was cut in the river and bank. Among the .specifications attached to and made a part of the first contract were the following:
“45. Cofferdam. — Should a cofferdam be necessary in the construction of the lock or other work, it shall be built and maintained by the contractor at his own expense, its cost being included in his bid on other parts of the work; it may be of any design that shall be approved by the engineer.
“46. Removal of cofferdam. — When the necessity for the cofferdam shall have ended, the contractor will be required to remove at his own expense all the material composing it, and to leave the river unobstructed to its full depth. The time and manner of such removal and the place of deposit of all waste material shall be prescribed by the engineer.”
After the work had commenced and the contractor had built a series of longitudinal cofferdams, the Government proposed to the contractor to modify and change the plan so that for about a mile from the head of the canal the concrete wall should be abandoned. This new plan greatly reduced the amount of concrete. This new plan was contained in a proposition in writing made by the United States to the contractor and among other things therein contained was the following:
“The excavation of that portion of the towhead lying between the ends of the cofferdams, and acting itself as a coffer, and the construction of a cofferdam of similar style, size, and strength joining these two ends, a length of approximately 400 feet, together with the excavation of all the material down to bedrock on a space 20 feet immediately outside of the outer line of this closing coffer. The longi *412 tudinal cofferdams, except that portion upstream of the upper end of the canal wall to be left in place instead of being removed, as provided for in paragraph 46 of the specifications. This to apply not only to the cofferdams of the section now being considered, but also to the longitudinal cofferdams clear down to the guard lock. * * * The cost of building and filling the coffer should be included in the price bid per linear foot of coffer.'1’’ [Italics ours.]
This proposition was made to the plaintiff by the defendant on October 26, 1903. On November 3, 1903, the plaintiff replied to this proposition by accepting the same in substance and stating:
“ Cofferdam, $2.60 per linear foot. Type to be built the same as cofferdam now in use.”
On December 14, 1903, the supplemental contract was executed ; this contract embodied the propositions above recited and its terms are in part as follows:
“ The longitudinal cofferdam, where the concrete wall is omitted, will be left in place. The portion of the towhead lying between the ends of the present cofferdam and acting as a coffer, approximately 400 feet long, shall be removed and a coffer built of similar style, size, and strength to that now in place.”
and as to compensation the supplemental contract provides:
“ Cofferdam, two dollars and fifty cents ($2.60) per lineal foot.”
The plaintiff claims that under this supplemental contract of December 14, 1903, it is entitled to receive payment at the rate of $2.50 per lineal foot for 3,854 feet of longitudinal cofferdam where the concrete wall was omitted and which was built after the contract of December 14, 1903, was entered into. In other words, that the supplemental and not the original contract governs the transactions of the parties as to the building of and compensation for cofferdam constructed after the date of the supplemental contract.
It is clear that under the original contract the plaintiff was not bound to perform the work by building cofferdams. It was optional with him as to what method he would use. Under the supplemental contract he was compelled to build *413 cofferdams and to build them in a specified place. Thus a new condition was created and a new contract was made between the parties. Nor does the supplemental contract confine the compensation to be paid for building cofferdam to any specified part of the cofferdam nor to any separate or distinct cofferdam; but after providing for the building’ of a longitudinal cofferdam where the concrete wall is omitted, and another cofferdam approximately 400 feet long of similar size, and so forth, the contract provides compensation for cofferdam $2.50 per linear foot. The court can not put words in the contract which the parties to it have left out. If it was intended that compensation should only be had for the cofferdam which was approximately 400 feet long and not for the longitudinal cofferdam, it would seem that the parties would have inserted such a provision in the contract.
The matter in issue is, therefore, what part of the cofferdam is to be paid for by the defendant, under the terms of the contract. It must be determined by a sound construction of the supplemental contract. It is evident that the language of the contract does not convey a very clear meaning and is, with regard to this matter, ambiguous. The change made by the supplemental contract departs from the original contract, and that change was made at the request of the engineer officer of the Government. It was therefore for the accommodation of the defendant. It is a well-settled principle that where a contract is prepared by an officer of the Government, and is ambiguous in its terms, that construction must be adopted which is more to the advantage of the claimant. Otis v. United States, 20 C. Cls., 315-327; 9 Wall., 407. In Edgar & Thompson Works v. United States, 34 C. Cls., 205-219, the court says, “It is a most familiar principle of Irav that the words of an agreement are taken most strongly against the party who prepared it, and if any liberality is to be indulged in it will be in favor of the party Avho merely signs and not the party who signs and prepares the instrument for execution,” citing 7 Wallace, 688, and 24 C. Cls., 387. The defendant having failed to make the contract clear, and there being ambiguity and uncertainty *414 as to tbe meaning of the contract in this case, it must be construed in favor of the plaintiff.
The plaintiff, in making answer to the defendants’ proposal for a change in the work, distinctly stated that it would charge $2.50 per linear foot for building cofferdam.
This proposition of the plaintiff was embodied in the supplemental contract. The plaintiff made a demand for payment for the work done on the cofferdam. In view of the wording of the contract of the parties and all of the surrounding circumstances, the court can not do otherwise than come to the conclusion that the plaintiff is entitled to be paid for the number of feet of cofferdam built after the supplemental contract was entered into.
It follows that the plaintiff is entitled to a judgment for the sum of $8,567.50; and it is so ordered.
BarNey, Judge, and Campbell, Chief Justice, concur.
Booth, Judge, did not participate in the decision of this case.