Whitaker, Judge,
delivered the opinion of the court:
Plaintiffs sue for an additional amount to which they allege they are entitled for excavation required for the construction of certain work at Fort Crook, Nebraska. Defendant invited bids for the work on May 15,1943, and plaintiffs, Peter Kiewit Sons’ Company, a corporation, and George Condon and Chester W. Cunningham, partners, trading as Condon-Cunningham Company, in answer to defendant’s invitation, submitted bids, but they were not the low bidders. All bids were rejected and plaintiffs were requested to enter into negotiations for a contract with defendant for the performance of the work. They entered into a contract on May 27, 1943, to do all the work specified for the sum of $1,573,672.72. This amount was $74,990.00 less than their bid.
The work to be done included all necessary excavation and grading of the site and the construction of units 4, 5, and 6 of Modification Center No. 8, and of a pump house, a ground storage water tank, a control house, a pedestrian tunnel, and a target butt. The controversy is over the unit price to be paid for the excavation within the building lines and the price to be paid for the erection of the target butt.
1. For the excavation within the building lines down to the bottom of the concrete floor slab defendant has paid plaintiffs at the rate of 22 cents a cubic yard. Plaintiffs claim they are entitled to payment at $1.29 per cubic yard. Defendant admits in its brief that plaintiffs are entitled to $1.29 for the amount of excavation below the elevation of the top of *416 the floor slab, but says they are entitled to only 22 cents a cubic yard for the excavation above the elevation of the top of the floor slab.
Article 1 of the contract set out the unit prices at which the specified work was to be done. Item 2 called for “common excavation for buildings and structures (except the pedestrian tunnel) including all excavation for utilities within the building or structure lines, and disposal of surplus materials (except for hangar doors in existing hangar).” Such excavation was to be paid for at $1.29 a cubic yard. Item 24 called for “unclassified excavation.” This was to be paid for at 22 cents a cubic yard.
Defendant claims that the excavation within the building lines and above the top of the floor slab comes within the designation of unclassified excavation, to be paid for at 22 cents a cubic yard, whereas plaintiffs claim that it comes within common excavation for buildings and structures to be paid for at $1.29 a cubic yard.
Plaintiffs claim that the excavation in question is covered by section II of the specifications, whereas defendant claims it is covered by section XXI. Section II is headed, “Excavation, Filling and Backfilling for Buildings and Structures.” Section XXI is headed, “Site Grading, Pipe Culverts, and Observation Tower Removal.”
Defendant says that the excavation in question comes within the definition of “Site Grading” which under section XXI is to be paid for as unclassified excavation, at 22 cents a cubic yard. Section 21-01 says that “The work covered by this section includes the furnishing of all material, equipment and labor required to perform all general excavation, including stripping of topsoil, rough or over-all or over-lot grading, and all borrow and fill, removal of existing drainage structures and lines and removal and relocating an observation tower * * Defendant says that the grading in question was “rough or over-all or over-lot grading.”
Plaintiffs say that “rough or over-all or over-lot grading” has no application to the grading within the building lines, since such grading is covered by section II, which is to be paid for at $1.29 a cubic yard as common excavation.
*417 All excavation coming within section II is declared to be common excavation to be paid for at $1.29 a cubic yard. Section 2-03 (e) provides that “All excavation shall be classified as common excavation.” This, of course, means all excavation coming within the scope of section II. The question is, what excavation does come within section II. This is set out, in part, in section 2-01, which provides:
The work covered by this section includes the furnishing of all material and equipment * * * and labor required for the excavation, filling and backfill-ing for the foundations, footings, concrete floors and slabs for buildings and structures, including that required for the installation of piping and conduit within the building lines as shown on the drawings. * * *
A comparison of the provisions of section 2-01 and 21-01, quoted above, leaves in doubt whether or not the grading of the site down to “the foundations, footings, concrete floors and slabs for buildings and structures” is to be paid for as “site grading” or whether all the excavation necessary on the site for the erection of the “foundations, footings, concrete floors and slabs” is to be paid for as common excavation for “buildings and structures.” Defendant says that all the excavation down to the concrete floor slabs is “site grading” and that only the grading below this point comes within the provisions of section II of the specifications. Plaintiffs say that all excavation for buildings and structures is common excavation.
We would be inclined to agree with the defendant, except for the fact that section 2-10, providing for “measurement for payment” provides:
Measurement for payment for excavation will be based on the number of cubic yards excavated within the following limits: Between the original ground surface as determined by a survey made by the Contracting Officer prior to the commencement of excavating operations and the net depths as specified herein or as shown on the drawings.
This provision seems to us to exclude from within “site grading” the excavation to be done within the building lines, because this section 2-10 provides that the excavation to be paid for as common excavation shall be all of that done *418 within the building lines which is “between the original ground surface * * * and the net depths as specified herein or as shown on the drawings.” “Original ground surface” can only mean the ground surface before any grading had been done.
Section II must be taken as a limitation on section XXI which covers “rough or over-all or over-lot grading.” Section XXI, taken alone, would seem to cover such grading over all the lot, whether within the building lines or not, but section II says that the excavation for the buildings, to be paid for as common excavation, is to be measured “between the original ground surface” and the “net depths as specified,” which of necessity excludes any previous grading.
When plaintiffs agreed on the price of $1,573,672.72, which was about $75,000 less than their bid, they understood the specifications to mean that they would be paid for all excavation within the building lines at $1.29 a cubic yard. They so testified and we have found this as a fact. We think they were justified in so interpreting the specifications. Where the Government draws specifications which are fairly susceptible of a certain construction and the contractor actually and reasonably so construes them, justice and equity require that that construction be adopted. Where one of the parties to a contract draws the document and uses therein language which is susceptible of more than one meaning, and the intention of the parties does not otherwise appear, that meaning will be given the document which is more favorable to the party who did not draw it. This rule is especially applicable to Government contracts where the contractor has nothing to say as to its provisions. Noonan v. Bradley, 9 Wall. 407; Chambers v. United States, 24 C. Cls. 387, 392; Callahan Construction Co. v. United States, 91 C. Cls. 538, 611; Blair v. United States, 99 C. Cls. 71, 135; 321 U. S. 730.
It is true that the excavation within the building lines down to the floor slabs was not greatly more expensive than the grading of the rest of the site, although more expensive to some extent; but, nevertheless, the contractor had a right to take the specifications as the defendant had written them. This plaintiffs did when figuring the price at which they were *419 willing to do the job, and they are entitled to be paid on that basis.
2. Plaintiffs’ next claim is for the cost of the excavation necessary in the construction of the target butt.
Article 1 of the contract listed the work to be done and the prices to be paid for it. Item 34 was for the “target butt, complete in place, including shooting aprons exclusive of tie-down anchors.” The price to be paid therefor was $22,481.00. This amount has been paid, but plaintiffs claim they are entitled to be paid, in addition, for the excavation necessary, as provided for in item 2 of article 1.
Item 2 of article 1 provides for payment for common excavation for “buildings and structures (except the pedestrian tunnel) * * *” at $1.29 a cubic yard. Plaintiffs say that this covers all excavation for buildings and structures, with the one exception stated, and that, since the target butt is a building or structure and was not excepted, it comes within the provisions of item 2. They say that reading item 34 in connection with item 2 the words “complete in place” must be understood to mean “complete in place except for the excavation.”
Plaintiffs also say that this must have been the intention of the parties because at the time they entered into the contract the location of the target butt had not been definitely determined upon and that the plans for it had not been drawn; hence, they say it would have been impossible for them to have computed the amount of excavation necessary prior to entering into the contract.
This is only partly true. The location of the target butt had not been definitely determined upon but plaintiffs were advised of its approximate location. Furthermore, when plaintiffs visited the site defendant’s representatives pointed out to them a line of stakes running from the end of a taxiway up to the approximate location of the target butt. These stakes had on them the elevation of the ground at the point at which they were driven. Also, plaintiffs were given plans ordinarily used in the construction of target butts and were advised that this butt would be constructed in approximaté conformity therewith. Plaintiffs, therefore, were able to approximate the cost of the construction of the target butt itself, *420 and of tbe excavation necessary tberefor, although they could not do so accurately.
The work was done while the war was in progress and was urgently needed for the training of gunners on fighter air-crafts. The parties, therefore, were compelled to agree on a price for the work without having all the information which they would have required and would have demanded had the work not been so urgently needed.
In view of these circumstances plaintiffs’ inability to accurately figure the cost of the excavation does not necessarily demonstrate that it was not to be included in the unit price bid.
Plaintiffs say that they understood the specifications to provide that they would be paid for the excavation for the target butt in addition to the unit price bid, and that in computing the cost of its erection they did not include any sum for excavation. They say they were justified in so interpreting the specifications and that we should so interpret them.
Beading only article 1 of the contract, plaintiffs might have been justified in interpreting the specifications as they did, since item 2 covered all common excavation for buildings and structures, with only one exception stated, to wit, the pedestrian tunnel. Plowever, when we read the specifications for this target butt we find that they undoubtedly included within the work to be done the necessary excavation, and that they also provide that the unit prices to be paid for the work “shall include all costs in connection therewith.”
Section XXXIV of the specifications relates to the target butt. Section 34-01 provides that the work to be done under that section was all that was “necessary to construct a target butt and control house in accordance with the drawings and as directed by the Contracting Officer.” Section 34-02 under the heading of “excavation” provides: “Do all excavation of every description and of whatever substance encountered.” Section 34-06, under “Measurement for Payment” provides that: “The target butt, including the shooting aprons exclusive of the down rings will be measured as a unit complete in place.”
*421 Finally, section 34-07, under the heading “Contract Prices,” provides:
The cost of all plant, labor, equipment, and materials (except materials to be furnished by the Government) for the work specified in this section shall be included in the following unit prices which price and, payments shall include all costs in connection therewith:
(a) “Target Butt” complete in place, including shooting aprons and exclusive of tie down rings.
(b) “Tie down rings,” per each, complete in place.
(c) “Concrete Pavement for Taxiways (thickened edge), 10"-7"-10",” per square yard, complete in place. [Italics ours.]
The three things to be paid for are the target butt, the tie down rings, and the concrete pavement for taxiways, and it is expressly stated that the cost of all plant, labor, equipment, and materials for the work specified shall be included in the unit prices bid for each, and it is further said that these unit prices “shall include all costs in connection therewith.” Inasmuch as section 34-02 expressly included in the work to be done the necessary excavation, and since section 3T-07 expressly provided that the unit prices should include “all costs” in connection with the specified construction, we think the conclusion is inescapable that it was intended to include within the unit price for the target butt the necessary excavation in connection therewith.
When the plaintiffs read these specifications we do not see how they could have escaped the conclusion that they were to include the necessary excavation in the unit price to be paid for the erection of the target butt. If plaintiffs were misled by the language of the contract and specifications, they must stand the consequences thereof, because we think they were not justified in reading the contract and specifications to mean that the excavation was to be paid for in addition to the unit price bid for the target butt.
Plaintiffs are entitled to recover the sum of $33,862.46. Judgment for this amount will be entered. It is so ordered.
Madden, Judge/ Littleton, Judge/ and Jones, Chief Justice, concur.